## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARY SCHICKER,

        Plaintiff,

v.

KIEWIT ENGINEERING & DESIGN CO.,

Registered Agent:
The Corporation Company
112 SW 7th St Ste 3C
Topeka, KS 66603

        Defendant.

Case No. 2:21-cv-2129

JURY TRIAL DEMANDED

### COMPLAINT

Plaintiff Mary Schicker ("Schicker" or "Plaintiff"), for her Complaint against Defendant Kiewit Engineering & Design Co. ("Kiewit" or "Defendant"), states and alleges as follows:

### PARTIES

1.      Plaintiff is a resident of the State of Kansas.

2.      Defendant is a corporation organized under the laws of the State of Delaware.

3.      Defendant is an employer within the meaning of 29 U.S.C. Section 630(b).

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 in that it arises under the laws of the United States embodied in the Age Discrimination in Employment Act, 29 U.S.C. Section 621 *et seq*. ("ADEA").

5.      Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action. A timely Charge of Discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") on October 22, 2020. A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto and incorporated by reference as Exhibit A.

6.      The United States District Court for the District of Kansas has personal jurisdiction over Defendant inasmuch as Defendant conducts business within this District.

7.      The unlawful employment practices alleged herein were committed within this jurisdiction.

8.      Venue is properly laid in this Court pursuant to 28 U.S.C. Section 1391(b), inasmuch as Defendant has offices, conducts business, and/or can be found in the District of Kansas, and the cause of action set forth herein has arisen and occurred in substantial part in this District.  Venue is also properly laid in this Court pursuant to 29 U.S.C. Section 1132(e)(2) because Defendant has substantial business contacts within the State of Kansas.

## FACTS

9.      Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

10.      Plaintiff is 67 years of age.

11.      Plaintiff was employed by Kiewit as a Senior Administrative employee from November 4, 2014, until the termination of her employment on September 1, 2020.  At the time of the termination of her employment, Plaintiff was assigned to the Kiewit ILM Department.  In this role she reported to Document Control Manager Connie Millard, who reported to Design Engineering Director Jay Steinmetz.

12.      Plaintiff's responsibilities in the ILM Department related primarily to coordination of floorplans and internal employee relocation.

13.      Plaintiff received no negative performance reviews of any type during the period of her employment with Kiewit.  Plaintiff's work and attention to detail were frequently praised by her superiors throughout the time that she worked there.

14.    Kiewit terminated Plaintiff's employment on September 1, 2020.

15.    The documents provided to Plaintiff at the time of the termination of her employment included a Severance Agreement that attached a table of employees included in the decisional unit for Kiewit's reduction in force pursuant to the Older Workers Benefit Protection Act ("OWBPA").  Though it is required by the OWBPA, the disclosure does not identify the eligibility factors considered by Kiewit in its selection of Plaintiff and others for termination as part of their reduction in force.

16.    The OWBPA disclosure reflects that Plaintiff is the oldest of ten Senior Administrative employees listed in the disclosure, and that she is the only employee among this group selected for termination.  The average age of the Senior Administrative employees not selected for termination as part of Kiewit's reduction of force is 52.2 years of age.

17.    The OWBPA disclosure also reflects a systematic effort to terminate older employees as part of Kiewit's reduction in force.  For the following positions the oldest employees were selected for termination:

Civil Engineer 4 (oldest employee of 2) (age 45)
Design Engineering Manager (2 oldest employees of 54) (ages 66, 71)
Electrical Designer 2 (oldest employee of 15) (age 58)
Mechanical Designer 2 (oldest employee of 16) (age 64)
Mechanical Designer 4 (3 oldest employees of 14) (ages 51, 62, 64)
Structural Designer 1 (oldest employee of 7) (age 46)
Structural Designer 2 (oldest employee of 9) (age 49)
Structural Engineer 3 (oldest employee of 24) (age 45)
Structural Engineer 7 (oldest employee of 4) (age 76)

## COUNT ONE – AGE DISCRIMINATION

18.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

19.    Plaintiff was employed by Defendant.

20.    Defendant is vicariously liable for the actions of its employees and agents.

21.     Defendant discriminated against Plaintiff in the terms and conditions of her employment by terminating her employment because of her age in violation of the ADEA.

22.     Plaintiff's age was a motivating and determining factor in Defendant's decision to terminate her employment.

23.     Plaintiff's employment was terminated for reasons that constitute pretext for unlawful discrimination on the basis of her age.

24.     As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

25.     As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

26.     Defendant's conduct was willful thereby entitling Plaintiff to an equal amount as liquidated damages and other appropriate equitable relief.

27.     Plaintiff is also entitled to recover all of her costs, expenses, expert witness fees, and attorney's fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant, for a finding that she has been subjected to unlawful discrimination prohibited by the ADEA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and liquidated damages; equitable relief including reinstatement; for her costs expended; for her reasonable attorney's and expert witness fees; and for such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

which she has a right to trial by jury.

## DESIGNATED TRIAL LOCATION

Plaintiff hereby designates the place of trial as **Kansas City, Kansas**.

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway          Kansas Bar No. 20172
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:    (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF

5